FILED

JUN 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREA GONZALES; MICHELLE MAYERS, | No. 15-17291 |
| Plaintiffs-Appellants, | D.C. No. 4:14-cv-04728-KAW |
| v. | |
| CITY OF ANTIOCH, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and AMON,[**] District Judge.

Appellants appeal the district court's grant of summary judgment to the City

of Antioch on their claims for negligence and battery resulting from the fatal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

shooting of Denny Gonzales by officers of the Antioch Police Department ("APD"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). The Court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuinely disputed issues of material fact. *Id.* Here, viewing the facts in the light most favorable to appellants, no reasonable jury could conclude that the officers' use of deadly force was objectively unreasonable.

The undisputed evidence shows that Gonzales contacted an APD detective and repeatedly made statements from which it could be inferred that he was planning to kill a police officer. When APD officers arrived at Gonzales' house, Gonzales was in his garage, and the officers were positioned near Gonzales' driveway and across the street. Gonzales subsequently walked out of his garage carrying a gun in his right hand. When the officers ordered him to drop his weapon, Gonzales failed to comply and instead turned to the right, raising his right hand and forearm while he was turning. A video of the incident taken by the California Highway Patrol shows that in lifting his right hand and forearm, Gonzales raised his gun in the direction of APD officers positioned around his house. When Gonzales raised his gun in the direction of the officers, the officers

2

reasonably believed that they faced a serious threat that justified their use of deadly force.

The fact that Gonzales only momentarily raised his gun and then lowered it as he was retreating toward the garage does not create a genuine factual dispute as to whether the force used was reasonable. The Court must consider the facts and circumstances confronting the officers "from the perspective of a reasonable officer on the scene," and allow for "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Here, it is undisputed that the responding officers were confronted with a suspect who had repeatedly threatened to kill a police officer and raised his gun in the direction of the officers. Gonzales' actions rendered the officers' use of force reasonable as a matter of law. *See George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013) ("If the person is armed—or reasonably suspected of being armed—a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat.").

Furthermore, appellants failed to create a triable issue of fact with respect to the negligence of the officers' pre-shooting conduct. Under California law, "an officer's preshooting conduct is properly 'included in the totality of circumstances

surrounding [his] use of deadly force, and therefore the officer's duty to act reasonably when using deadly force extends to preshooting conduct.'" *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1236 (9th Cir. 2013) (quoting *Hayes v. Cty. of San Diego*, 305 P.3d 252, 257 (Cal. 2013)) (emphasis omitted). Appellants contend there were alternative means available to the officers to avoid or diffuse the situation, but they do not cite admissible evidence in the record in support of their argument. Such speculative and conclusory assertions do not create a triable issue of fact. Moreover, officers are not required to choose the "'most reasonable' action or the conduct that is the least likely to cause harm," so long as their conduct falls "within the range of conduct that is reasonable under the circumstances." *Hayes*, 305 P.3d at 258 (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 537–38 (2009)).

Appellants further contend the district court erred in granting summary judgment because there are factual disputes concerning whether the officers began shooting before Gonzales raised his gun and whether the officers gave commands to drop the gun prior to shooting. However, these arguments rely on evidence that the district court found inadmissible. Because appellants do not contest these evidentiary rulings on appeal, they have waived any challenge to the district

4

court's exclusion of this evidence. As a result, there is no evidence in the record supporting appellants' asserted factual disputes.

Finally, the number of shots fired does not create a factual dispute to defeat summary judgment. The Supreme Court has explained that "if police officers are justified in firing at a suspect in order to end a severe threat to public safety, the officers need not stop shooting until the threat has ended." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014). Although the officers fired 50 to 52 shots at Gonzales, appellants do not present any evidence suggesting the officers continued to fire at Gonzales after they knew he was incapacitated or no longer posed a threat. Rather, it is undisputed on this record that Gonzales did not drop the gun before the officers started shooting–either on his way out of the garage, when he saw the officers, when the officers yelled commands, or when he turned to go back to the garage. Furthermore, only two bullets struck Gonzales. In the absence of evidence that the officers continued shooting after Gonzales was incapacitated or no longer posed a threat, there is no evidentiary basis to conclude the number of shots fired rendered the officers' conduct unreasonable.

For these reasons, we conclude that the district court did not err in granting summary judgment to the City of Antioch on appellants' negligence and battery claims.

**AFFIRMED.**